UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENN THOMAS,

                Plaintiff,

        -against-

WARDEN,

                Defendant.

20-CV-3247 (CM)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated in the Metropolitan Correctional Center (MCC), writes a letter to this Court, presumably about a criminal case and about conditions at MCC. Although it is unclear whether Plaintiff intended to proceed *pro se* and bring a civil action in this Court, Plaintiff's letter was opened as a new civil action.

      A search of the Public Access to Court Electronic Records (PACER) system reveals that Plaintiff has a pending criminal case in this Court. *See United States v. Christian*, ECF 1:12-CR-0626-05 (ER). After Plaintiff is sentenced, he may bring a motion under 28 U.S.C. § 2255 to challenge his conviction. If, however, he wishes to litigate the claims raised in this letter or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action. Plaintiff must be sure to write the docket number for his criminal case, 12-CR-0626-05 (ER), on any submission he sends to the Court with respect to his criminal case.

      If Plaintiff wishes to pursue his claims regarding conditions at MCC by filing a new civil action, as a prisoner, he must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation

Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted the letter without the filing fees or a completed IFP application and prisoner authorization. If Plaintiff intends to proceed with a new civil action regarding the conditions at MCC, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit the attached IFP application and prisoner authorization forms. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 20-CV-3247 (CM).[2]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed. If Plaintiff did not intend to initiate a civil action, he may request, in writing, to withdraw this action, or he may choose to not comply with this order.

---

[1] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[2] Plaintiff is cautioned that if a prisoner files an action that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions IFP as a prisoner, unless he is under imminent danger of serious physical injury and he must pay the filing fees at the time of filing any new action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 28, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge